**The below described is SIGNED.**

**Dated: January 25, 2012**

_____
**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br>**SPARETIME FAMILY FUN CENTER, INC.**,<br>Debtor. | Bankruptcy No. 10-26552 RKM<br>Chapter 11<br>Honorable R. Kimball Mosier |

### FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION
### OF DEBTOR'S PLAN OF REORGANIZATION

This matter came before the Court on January 10, 2012 at 2:00 p.m. (the "**Confirmation Hearing**"), upon the Debtor's request for confirmation of the *Plan of Reorganization* dated September 8, 2011 [Docket No. 172] (the "**Plan**") proposed by debtor-in-possession Sparetime Family Fun Center, Inc. (the "**Debtor**"). Matthew M. Boley appeared on behalf of the Debtor. Other counsel and parties-in-interest noted their appearances on the record.

Based upon the evidence received at the Confirmation Hearings, the Debtors' *Memorandum of Law in Support of Confirmation of Debtor's Plan of Reorganization* [Docket No. 208] and other papers filed concerning the Plan [e.g., Docket Nos. 181, 205, 206 and 207], the statements of counsel and other matters of record, having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, the Court hereby

**FINDS AND CONCLUDES**[1] as follows:

A.    <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>. This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B. <u>Judicial Notice</u>.  This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries on the docket indicating the evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Bankruptcy Case.

C. <u>Transmittal and Mailing of Materials; Notice</u>.  All due, adequate, and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims and Equity Interests in accordance with the Bankruptcy Rules.  The Disclosure Statement, Plan, and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Rules upon Creditors and holders of Equity Interests entitled to vote on the Plan, and such transmittal and service were adequate and sufficient.  No other or further notice of the Plan or Confirmation Hearing is or shall be required.

D. <u>Solicitation</u>.  The solicitation of votes for acceptance or rejection of the Plan complied with §§ 1125 and 1126,[3] Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations.  Based on the record before the Court in the Bankruptcy Case, the Debtor has acted in "good faith" within the meaning of § 1125, and is entitled to the protections afforded by § 1125(e).

E. <u>Distribution</u>.  All procedures used to distribute the solicitation materials to the applicable holders of Claims and Equity Interests and to tabulate the ballots were fair and

---

[2]    Capitalized terms used but not otherwise defined herein are defined in the Plan.

[3]    Unless otherwise provided, all references to statutory sections in these Findings and Conclusions using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

{00136782.DOCX / }                                   2

conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and all other rules, laws, and regulations.

F.  Creditors' and Equity Holders' Acceptance of Plan.  The Plan establishes twelve Classes of Creditors and one Class of Equity Interests, for a total of Thirteen (13) separate Classes.  All impaired Classes have accepted the Plan.  Classes 1 through 7, as well as Class 13,[4] affirmatively voted to accept the Plan.  No qualifying ballots were returned with respect to Classes 8 through 12, and no creditors in those Classes objected to confirmation of the Plan.  As such, Classes 8 through 12 are deemed to have accepted the Plan.[5]

G.  Plan Complies with Bankruptcy Code.  The Plan, as supplemented and modified by the Confirmation Order (as modified and supplemented, the "**Confirmed Plan**"), complies with the applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(1).

    i.  Proper Classification.  The Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests in each such Class.  The Confirmed Plan properly classifies Claims and Interests.  In addition to Administrative Expense Claims and Priority Tax Claims, which are not classified under the Confirmed Plan, the Plan designates various separate Classes of Claims and Equity Interests based on differences in their legal nature or priority.  Further, valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests under the Plan.  Finally, the Classes do not unfairly discriminate between holders of Claims or Equity Interests.  Thus, the Confirmed Plan satisfies §§ 1122 and 1123(a)(1).

---

[4] Class 13, consisting of all Priority Claims other than Priority Tax Claims, was classified as "not impaired" under the Plan because all priority wage claims have been paid pursuant to a prior Order. As an unimpaired Class, Class 13 is deemed to accept the Plan. Swire Coca Cola, however, filed a proof of claim asserting a total claim of $3,202.65, including a priority claim of $1,210.31 and a non-priority claim of $1,992.34. Swire Coca Cola timely returned a ballot "accepting" the Plan, which made reference both to the priority claim and the non-priority claim. As such, Class 13 also voted to accept the Plan.

[5] See, e.g., In re Ruti-Sweetwater, Inc., 836 F.2d 1263, 1267-68 (10th Cir. 1988); In re John Kuhni Sons, Inc., 10-29038 RKM, 2011 WL 1343206 at *4 (Bankr. D. Utah Mar. 30, 2011); In re Jones, 530, F.3d 1284, 1291 (10th Cir. 2008); In re Armstrong, 292 B.R. 678, 684 (10th Cir. B.A.P. 2003).

    ii.    <u>Specify Unimpaired Classes</u>.  The Plan specifies Class 13 as the only unimpaired Class, and thus § 1123(a)(2) is satisfied.

    iii.    <u>Specify Treatment of Impaired Classes</u>.  Classes 1 through 12 are designated as impaired under the Confirmed Plan.  Article IV of the Confirmed Plan specifies the treatment of the impaired Classes of Claims and Equity Interests, thereby satisfying § 1123(a)(3).

    iv.    <u>No Discrimination</u>.  The Confirmed Plan provides for the same treatment for each Claim and Equity Interest in each respective Class unless the holder of a particular Claim or Equity Interest has agreed to less favorable treatment with respect to such Claim or Equity Interest, thereby satisfying § 1123(a)(4).

    v.    <u>Implementation of Plan</u>.  The Confirmed Plan provides adequate and proper means for implementation of the Confirmed Plan, thereby satisfying § 1123(a)(5).

    vi.    <u>Required Corporate Charter Provisions</u>.  The Confirmation Order includes appropriate verbiage such that the Confirmed Plan complies with § 1123(a)(6).

    vii.    <u>Selection of Officers and Directors</u>.  The identity and affiliations of the Debtors' officers and directors have been disclosed in the Disclosure Statement, thereby satisfying the requirements of § 1123(a)(7).

    viii.    <u>Additional Plan Provisions</u>.  The Confirmed Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions respecting (a) the assumption of executory contracts and unexpired leases, and (b) the retention and future enforcement by the Debtor of claims under chapter 5 and applicable non-bankruptcy law, and (c) modification of the rights of holders of secured claims, thus satisfying the requirements of § 1123(b).

    ix.    <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies the Debtor as the proponent, thereby satisfying Bankruptcy Rule 3016(a).

  H. <u>The Debtor Has Complied with the Bankruptcy Code</u>.  The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(2).

   i. The Debtor is a proper proponent of the Confirmed Plan under § 1121(c).

   ii. The Debtor has complied generally with applicable provisions of the Bankruptcy Code.

   iii. The Debtor has complied with the applicable provisions of the Bankruptcy Code, including § 1125, the Bankruptcy Rules, and other orders of the Court in transmitting the Plan, the Disclosure Statement, the ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

  I. <u>Plan Proposed in Good Faith</u>.  The Debtor proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying § 1129(a)(3).  In determining that the Confirmed Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Bankruptcy Cases and the formulation of the Confirmed Plan.  The Debtor proposed the Confirmed Plan with the legitimate and honest purposes of, among other things, reaching a fair, equitable, and expeditious resolution of the complex business and legal issues presented by the Bankruptcy Case.  Further, there is a reasonable likelihood that the Confirmed Plan will achieve its intended results which are consistent with the purposes of the Bankruptcy Code.  Finally, the Confirmed Plan is feasible, practical, and will enable the Debtor to continue its business and pay its debts.

  J. <u>Payments For Services Or Costs And Expenses</u>.  Any payment made or to be made under the Confirmed Plan for services or for costs and expenses in or in connection with the Bankruptcy Case prior to the Effective Date, including all fees and expenses incurred by Professionals, or in connection with the Confirmed Plan and incident to the Bankruptcy Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying § 1129(a)(4).

K. <u>Directors, Officers and Insiders</u>. The Debtor's officers and directors have been disclosed. The service of the Debtor's officers and managers post-confirmation is consistent with the interests of the holders of Claims and Equity Interests and with public policy. Therefore, the Debtor has complied with § 1129(a)(5).

L. <u>No Rate Changes</u>. The Confirmed Plan satisfies § 1129(a)(6) because the Confirmed Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

M. <u>Best Interests of Creditors Test</u>. The Confirmed Plan satisfies § 1129(a)(7) because each Class of Claims and Equity Interests that is impaired and entitled to vote under the Confirmed Plan has voted (or, by opting not to vote or to object to confirmation, is deemed) to accept the Plan as modified in the Confirmation Order, which modifications have resulted in the Confirmed Plan. In any event, the holders of Claims and Interest in all Classes (including the non-voting Classes) will receive or retain property of a value not less than what such holder would receive or retain if the debtor were liquidated under chapter 7 of the Bankruptcy Code.

N. <u>Acceptance by Certain Classes</u>. Classes 1 through 13 have voted (or are deemed) to accept the Confirmed Plan, as noted above, thereby satisfying § 1129(a)(8).

O. <u>Treatment of Administrative Expense Claims and Priority Tax Claims</u>. The Confirmed Plan satisfies the requirements of § 1129(a)(9). Except to the extent the holder of a particular Claim agrees to a different treatment, the Plan specifies that Administrative Expense Claims (including professional compensation) and Priority Tax Claims shall be paid as mandated by § 1129(a)(9).

P. <u>Acceptance by at Least One Impaired Class</u>. Classes 1 through 13 have voted (or are deemed) to accept the Confirmed Plan, and the acceptance of at least one of such accepting impaired Classes has been determined without including the votes of any insiders, thus satisfying § 1129(a)(10).

Q. <u>Feasibility</u>. The Confirmed Plan is feasible and complies with § 1129(a)(11) because confirmation is not likely to be followed by a liquidation (except as provided in the Confirmed Plan) or further financial reorganization. The Debtor has presented credible evidence that it will be able to make the payments required under the Confirmed Plan and otherwise will be able to satisfy its obligations under the Confirmed Plan.

R. <u>Payment of Fees</u>. All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to Section 2.2(b) of the Confirmed Plan, thereby satisfying § 1129(a)(12).

S. <u>Continuation of Retiree Benefits</u>. The Confirmed Plan complies with § 1129(a)(13) because the Debtor has no retirees and owes no retiree benefits.

T. <u>Fair and Equitable; No Unfair Discrimination</u>. Compliance with § 1129(b) is not required because each impaired Class has accepted the Confirmed Plan. In any event, the Plan satisfies at least one of the three alternatives under § 1129(b)(1)(A) as to each Class of Secured Claims. Further, even if Class 4 Unsecured Creditors were a dissenting Class and the cram down requirements under § 1129(b)(1)(A) were applicable, the "absolute priority rule" is satisfied under the "new value exception." Specifically, the Owners are required to make five annual capital contributions in the aggregate amount of $75,000 as a condition of retaining their equity ownership in the Debtor.

U. <u>No Other Plan</u>. No other Chapter 11 plan is pending before the Court in this Bankruptcy Case and so § 1129(c) does not apply.

V. <u>Principal Purpose of Plan</u>. The principal purpose of the Confirmed Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e). Therefore, the Confirmed Plan satisfies the requirements of § 1129(d).

W. The Court announced other findings of fact and conclusions of law on the record at the hearing, which findings and conclusions are incorporated herein by reference.

X. In summary, the Plan complies with, and the Debtor has satisfied, all applicable confirmation requirements, and the Confirmed Plan will be confirmed by entry of the separate Confirmation Order.

------------------------------------- END OF DOCUMENT -------------------------------------



## DESIGNATION OF PARTIES TO BE SERVED

The undersigned hereby designates the following parties to be served a copy of the foregoing **FINDINGS AND CONCLUSIONS**:

**(A) By electronic notice delivered via CM/ECF to all persons who are registered to receive such notice and (B) to all others by U.S. Mail, first-class postage prepaid:**

Matthew M. Boley
Parsons Kinghorn Harris
111 E. Broadway, 11th Floor
Salt Lake City, UT 84111

John T. Morgan, Esq.
OFFICE OF THE UNITED STATES TRUSTEE
Ken Garff Bldg.
405 South Main Street, Suite 300
Salt Lake City, UT 84111

Michael R. Johnson, Esq.
David H. Leigh, Esq.
Greggory J. Savage
Michael W. Spence
Ray Quinney & Nebeker P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111

Stephen W. Lewis
160 E. 300 S., 5th Floor
P.O. Box 140874
Salt Lake City, Utah 84114

Bryan W. Cannon
8619 South Sandy Parkway, Suite 111
Sandy, UT 84070-6404

D. Scott DeGraffenried
505 East 200 South, Suite 300
Salt Lake City, UT 84102-2055

Kim R. Wilson
Snow Christensen & Martineau
10 Exchange Place, 11th Floor
P.O. Box 45000
Salt Lake City, UT 84145-5000

Frank M. Wells
2650 Washington Blvd., Suite 102
Ogden, UT 84401-3623

Russell S. Walker
Woodbury & Kesler, P.C.
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT 84110-3358

Jason H. Robinson
Babcock Scott & Babcock
505 East 200 South, Suite 200
Salt Lake City, UT 84102-2022

/s/ Matthew M. Boley